**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**WILLIE DENTIGANCE,**

      **Plaintiff,**

  vs.                                  **Civil Action 2:06-CV-00486
                                           Judge Marbley
                                           Magistrate Judge King**

**MICHELE EBERLIN,** *et al.***,**

      **Defendants.**

**OPINION AND ORDER**

Plaintiff Willie Dentigance, a state prisoner, brings the instant *pro se* action seeking monetary relief, alleging that his constitutional rights of due process and equal protection were violated. This matter is before the Court on *Defendants' Motion for Summary Judgment*, Doc. No. 25 ("*Motion*"). For the reasons that follow, the *Motion* is **GRANTED.**

**I.    BACKGROUND**

On June 14, 2006, inmate plaintiff, an African American, *Complaint,* at p.8, filed a complaint for damages, alleging that defendants violated his constitutional rights to due process and equal protection in connection with disciplinary proceedings at the Belmont Correctional Institution ("BeCI"), charging him with engaging in non-consensual sexual conduct. *Complaint*, Doc. No. 6, pp. 6-9.[1] Defendants are employees at BeCI, and include: Michele Eberlin, the warden; Sergeant McRobie; Lieutenant Cumberledge; Correction Officer Ruiz; Correction

---

[1] Plaintiff is currently incarcerated at Richland Correctional Institution ("RCI"). *Complaint*, p. 4.

Officer Neulti; S. Kildow, Local Control Board Member; and K. Barnhart, Local Control Board Member[2]. *Id.* at 5.

On September 12, 2005, plaintiff received a conduct report alleging that, on September 8, 2005, he had engaged in non-consensual sexual conduct with smaller, white inmates in violation of Class 2, Rule 11(D). *Conduct Report,* Doc. No. 6-2, p. 2, attached to *Complaint; Exhibit A-1,* p.6, attached to *Motion*. Plaintiff was placed in segregation. *Complaint*, p. 6, *Exhibit A-1,* p.5, attached to *Motion*. While there, plaintiff suffered a heart attack for which he was treated at The Ohio State University Hospitals. *Complaint,* p.6. He returned to BeCI two weeks later. *Id.*

On September 20, 2005, a Rules Infraction Board ("RIB") panel considered the charge against plaintiff and found him guilty. *Disposition of the Rules Infraction Board, Exhibit A-1,* p.17, attached to *Motion.* The RIB panel sentenced plaintiff to fifteen days disciplinary control and recommended referral to the Local Control Committee for institutional transfer and segregation from a particular inmate. *Id.* Although plaintiff indicated at the end of the RIB proceeding that he wished to appeal the decision, *Rules Infraction Board Script, Exhibit A-1,* p.3, attached to *Motion,* a timely appeal was not apparently submitted by plaintiff. *Result of Warden's Administrative Review, Exhibit A-1,* p.2, attached to *Motion*.

On September 28, 2005, a Local Control Committee considered the RIB panel recommendation and affirmed that recommendation. *Local Control Placement Review Hearing, Exhibit A-1,* p.23, attached to *Motion.* Plaintiff apparently filed no appeal from that decision. *Exhibit B,* attached to *Motion.* Plaintiff was thereafter transferred to RCI. *Complaint*, p. 7.

---

[2] Defendants appear here as named in the *Complaint*.

2

Plaintiff contends that defendants, motivated by race, denied him due process at his RIB and Local Control Committee hearings. *Id.*

Defendants' *Motion* takes the position that, because plaintiff was not subjected to any atypical and significant hardship, he was not constitutionally entitled to due process. *Motion*, p. 8. Defendants also argue that plaintiff cannot establish an equal protection violation. *Id.* at pp. 10-11. Further, defendants argue that, because plaintiff has failed to establish any specific physical injury, he cannot recover for emotional injuries pursuant to 42 U.S.C. § 1997e(e). *Id.* at 12. Finally, defendants contend that they are absolutely immune from monetary liability in their official capacities and qualifiedly immune from such liability in their individual capacities. *Id.,* pp. 13-15.

In response, plaintiff insists that he suffered atypical and significant hardships sufficient to confer due process rights upon him, *Response to Defendants' Motion for Summary Judgment*, Doc. No. 26 ("*Response*"), p. 2. Plaintiff further contends that, as a result of the disciplinary proceedings, he will be required to serve an additional twenty-four months incarceration. *Id.* Plaintiff also alleges that he intended to appeal the RIB panel's decision, but that prison officials failed to process that appeal. *Id.; Response contra Defendant's* [sic] *Reply*, p. 1 ("*Surreply*").

## II. STANDARD OF REVIEW

The standard for summary judgment is well established. This standard is found in Rule 56 of the Federal Rules of Civil Procedure, which provides in pertinent part:

> The judgment sought shall be rendered if the pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

3

Fed. R. Civ. P. 56(c)(2007).[3] Pursuant to Rule 56(c), summary judgment is appropriate if "there is no genuine issue as to any material fact . . . ." *Id.* In making this determination, the evidence "must be viewed in the light most favorable" to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, summary judgment is appropriate if the opposing party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "mere existence of a scintilla of evidence in support of the [opposing party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [opposing party]." *Anderson*, 477 U.S. at 252.

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record which demonstrate "the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)). "Once the moving party has proved that no material facts exist, the non-moving party

---

[3]Plaintiff contends that the *Motion* is deficient because it is not wholly supported by affidavits. *Response,* p.1, Doc. No. 26. The Court notes, first, that defendants have submitted two (2) affidavits in support of the *Motion. Exhibits A, B,* attached to *Motion.* If defendants attempt to rely on unsupported factual statements, the Court will not, of course, consider such statements. For example, in their *Reply Memorandum,* at p.2 n.2, Doc. No. 27, defendants refer, without any authentication whatsoever, to information contained in a website. The Court will not consider that information.

must do more than raise a metaphysical or conjectural doubt about issues requiring resolution at trial." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

In this case, plaintiff is proceeding without the assistance of counsel. A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than are formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21(1972). A court should make a reasonable attempt to read the pleadings of a *pro se* litigant to state a valid claim on which the plaintiff could prevail, despite any failure to cite proper legal authority, confusion of various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *Ashiegbu v. Purviance*, 74 F. Supp. 2d 740, 749 (S.D. Ohio 1998) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "This standard does not mean, however, that *pro se* plaintiffs are entitled to take every case to trial." *Id.* (citing *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)). "Indeed, courts should not assume the role of advocate for the *pro se* litigant." *Id.* (citing *Hall*, 935 F.2d at 1110).

## III.  DISCUSSION

To prevail on a claim under 42 U.S.C. § 1983, a plaintiff must establish the violation of a right secured by the federal Constitution or laws by a person acting under color of state law. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, "not a source of substantive rights" itself, the "first step in any such claim is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citations omitted). Once the specific constitutional right is identified, in order to succeed on a claim under

§ 1983, the plaintiff must show that (1) a person acting under color of state law (2) deprived him of rights secured to him by the United States Constitution or its laws. *See Waters v. City of Morristown,* 242 F.3d 353, 358-59 (6th Cir. 2001).

Because each named defendant is an employee of BeCI, and an employee of the State of Ohio, plaintiff has satisfied the requirement that the defendants have acted "under color of state law." *See Waters*, 242 F.3d 358-59. However, plaintiff has not established that defendants deprived him of a "right secured to [him] by the United States Constitution or its laws." *Id.*

A. **Plaintiff's Due Process Claims**

Plaintiff contends that defendants denied him due process when he was placed in segregation while awaiting the RIB proceedings, *Complaint,* at p. 6, when the RIB panel and Local Control Placement committee based their decisions upon allegedly false evidence, *Id.* at p. 7,[4] when he was transferred from BeCI, when he was denied the opportunity to file an appeal from the decisions of the RIB panel and Local Control committee, *Id.* and when a prior prison infraction was considered, *Id.,* at p.8. In the *Surreply,* at pp. 1-2, plaintiff also argues that he is entitled to the protections of due process because "[t]he Parole Board gave [him] an additional twenty-four months based upon the conduct report."

The Due Process Clause of the Fourteenth Amendment provides, in relevant part, that no state shall "deprive any person of life, liberty or property, without due process of law." U.S. Const. amend XIV. In *Sandin v. Conner*, 515 U.S. 472 (1995), the United States Supreme Court held that the Fourteenth Amendment confers on a prisoner only that liberty to be free from

---

[4]Plaintiff elaborates in *Response*, at p.3, that the conduct at issue (which he apparently concedes), *i.e.,* "touching of an inmate[']s buttocks," constitutes -- not a violation of Class 2, Rule 11 as charged -- but a violation of the less serious Class 2, Rule 14.

6

"restraint which ... imposes atypical and significant hardship ... in relation to the ordinary incidents of prison life," *Id.,* at 484, or which "will inevitably affect the duration of his sentence." *Id.,* at 487. Thus, this Court must determine whether plaintiff suffered atypical and significant hardships sufficient to trigger the protections of due process or whether plaintiff's sentence or duration of confinement was extended. If so, then plaintiff was constitutionally entitled to the protections of due process. This Court concludes that plaintiff was not.

Plaintiff alleges that he was denied due process when he was placed in segregation. *Complaint,* p. 6. *Sandin* expressly held that placement in a disciplinary cell or in isolation does not implicate the Due Process Clause because such placement does not rise to the level of atypical or significant hardship. *Id.* at 486. *See also Sarmiento v. Hemingway,* 93 Fed. Appx. 65, 66 (6th Cir. Mar. 15, 2004) ("Generally, unless placement in disciplinary confinement is accompanied by a withdrawal of good time credits or is for a significant period of time that presents an unusual hardship on an inmate, no interest to remain free of disciplinary confinement would be found in a case"); *Bruggeman v. Paxton*, 15 Fed. Appx. 202, 205 (6th Cir. Jun. 20, 2001) ("Placement in cell isolation and segregated confinement does not rise to the level of atypical and significant hardship").

Plaintiff has failed to establish that the actual conditions of segregation constituted an atypical and significant hardship deserving of constitutional protection. *See Wilkerson v. Austin*, 545 U.S. 209 (2005)( assignment to "super max prison" implicates procedural due process). The fact that he suffered a heart attack while in segregation does not compel a contrary conclusion. Similarly, the transfer of an inmate to another institution does not implicate constitutionally

7

protected liberty interests. *Meachum v. Fano*, 427 U.S. 215, 225 (1976). Thus, plaintiff's transfer from BeCI to RCI did not confer on plaintiff any due process rights.

Plaintiff also complains the evidence used against him during his RIB hearing was false, *Complaint*, p 7, or insufficient to establish the particular offense with which he was charged, *Response,* at p.3. However, it is only where a constitutionally protected liberty interest is implicated that a prison disciplinary action must be supported by "some evidence." *Superintendent Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985). The fact that plaintiff believes that the disciplinary proceedings against him were procedurally deficient does not alone establish that he had a constitutional right to the protections of due process.

Plaintiff also asserts that his sentence was lengthened by twenty-four months as a result of defendants' actions. *Surreply,* at pp. 1-2. Plaintiff complains that the Parole Board continued its parole release decision based upon the conduct report. In Ohio, a prisoner has no constitutional right to release on parole prior to the expiration of his or her maximum sentence. *See Greenholtz v. Inmates of the Neb. Penal Corr. Complex*, 442 U.S. 1, 7 (1979). The parole board's decision to release a prisoner on parole is entirely discretionary. O.R.C. § 2967.03. Plaintiff has no constitutional right to release -- even on parole -- prior to the expiration of his maximum sentence. Because plaintiff has no constitutionally protected liberty interest in release from confinement, the fact that the parole release decision was extended does not serve to confer upon him any rights to due process.

Finally, plaintiff alleges that he was denied due process when he was denied an opportunity to appeal the disciplinary and transfer decisions. *Complaint,* p. 7. There is no

constitutional right to appeal from prior administrative or disciplinary decisions. *Chance v. Compton*, 873 F. Supp. 82, 86 (W.D. Tenn. 1994).

In short, as it relates to plaintiff's due process claims, defendants are entitled to summary judgment.

### B. Plaintiff's Equal Protection Claim

Plaintiff also claims that he was denied equal protection because defendants, motivated by race, fabricated evidence in order to find him guilty of a rule infraction. *Complaint*, p. 7.

The Equal Protection Clause of the Fourteenth Amendment applies to states and requires "that all persons similarly situated should be treated alike." *Cleburne v. Cleburne Living Ctr., Inc.,* 473 U.S. 432, 439 (1985); U.S. Const. amend. XIV. To state an equal protection claim in the prison context, a plaintiff must allege that he was treated differently than other similarly situated prisoners. *See McCleskey v. Kemp, Supt. Ga. Diagnostic and Class. Center,* 481 U.S. 279, 292-93 (1987). Moreover, in order to prevail on an equal protection claim, a plaintiff must establish that a government official's discrimination against him was intentional. *Id.* (citing *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990)).

In the present case, plaintiff does not allege facts that could support an equal protection claim because he asserts nothing more than conclusory speculations. *See Complaint,* p. 6-9. Plaintiff alleges only that, because he is African-American, defendants were racially motivated in their actions. *Id.* Additionally, plaintiff fails to establish that he was treated less favorably than others outside his protected class. Plaintiff offers no evidence, whether direct or circumstantial, that defendants intentionally discriminated against him because of his race. Thus, plaintiff's equal protection claim must fail.

Because the Court concludes that plaintiff cannot establish that his constitutional rights were violated, the Court need not consider the remaining arguments raised in the motion for summary judgment.

**WHEREUPON** *Defendants' Motion for Summary Judgment*, Doc. No. 25, is **GRANTED**.

      *s/Algenon L. Marbley*
Algenon L. Marbley
United States District Judge